UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRIZZLY AUTO TRANSPORT, *et al.*,      Case No. 08-11832

        Plaintiffs,     Sean F. Cox
vs.     United States District Judge

TRAN TECH, INC.,     Michael Hluchaniuk
    United States Magistrate Judge

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR SANCTIONS, IN PART (Dkt. 21)**

    A.     Procedural History

The complaint in this matter was filed on April 29, 2008. (Dkt. 1). The complaint was amended on July 7, 2008. (Dkt. 4). An answer to the amended complaint with affirmative defenses and a counterclaim was filed on July 14, 2008. (Dkt. 5). The counterclaim was answered on July 28, 2008. (Dkt. 9). A scheduling order was issued on October 20, 2008, calling for discovery to be completed by March 16, 2009. (Dkt. 13).

Defendant filed a motion to compel on November 10, 2008. (Dkt. 14). That motion was referred to the undersigned by District Judge Sean F. Cox on the same date. (Dkt. 15). Plaintiff filed a response to the motion on November 18, 2008.

(Dkt. 18). Defendant filed a reply to the response on November 25, 2008. (Dkt. 19). The parties entered into a stipulation to resolve the motion to compel and an order incorporating the terms of the stipulation was entered on December 24, 2008. (Dkt. 20). The stipulation and order provided that plaintiff would provide "full and complete responses" to defendant's interrogatories and requests for production of documents by January 5, 2009.

According to defendant, plaintiff provided adequate responses to the interrogatories on January 5, 2009, but did not provide additional documents on that date and merely said the documents would be coming at an unspecified time in the future. Based on the claimed failure by plaintiff to provide "full and complete responses" by the January 5, 2009-due date, defendant filed the present motion for sanctions on January 6, 2009. (Dkt. 21). That motion was also referred to the undersigned on January 13, 2009. (Dkt. 23). Plaintiffs responded to the motion on January 14, 2009. (Dkt. 24). Defendant replied to the response on January 22, 2009. (Dkt. 26). A hearing on the motion was held on February 26, 2009, and an order was entered on March 3, 2009, taking the matter under advisement. (Dkt. 32). The order additionally directed plaintiffs to complete their responses to defendant's request for production of documents by March 9, 2009, which would include linking specific documents produced to a specific request and, where a

plaintiff has no responsive documents, that plaintiff must affirmatively state it has no documents.

Defendant supplemented its brief regarding the motion for sanctions on March 20, 2009. (Dkt. 34). Plaintiffs supplemented their opposition to the motion for sanctions on March 31, 2009. (Dkt. 35). Defendant replied to the response on April 16, 2009. (Dkt. 37).

B. Positions of the Parties

Defendant argues that sanctions should be imposed for the failure of plaintiffs to comply with a court order, based on a stipulation, which directed them to respond to interrogatories and requests for the production of documents by January 5, 2009. According to defendant, a first set of document requests was served on plaintiffs on August 1, 2008 and a first set of interrogatories was served on plaintiffs on August 20, 2008. (Dkt. 14, p. 2). Plaintiffs did not fully respond to those discovery requests in a timely fashion, which prompted defendant to file a motion to compel on November 10, 2008. (Dkt. 14). That motion resulted in a stipulated order, entered on December 24, 2008, which directed plaintiffs to "serve full and complete responses" to specified discovery requests by January 5, 2009. (Dkt. 20). It is this order with which defendant alleges that plaintiffs did not fully comply.

It appears that plaintiffs filed responses to the interrogatories by the January 5, 2009-due date, although the responses were not signed by the individual plaintiffs. Plaintiffs also supplemented the responses to the document requests by the due date but, rather than producing any documents, plaintiffs merely indicated that documents "will be produced" or stated that the documents did not exist. Some additional documents were produced by plaintiffs on January 9, 2009. Plaintiffs responded to the motion for sanctions by indicating that some of the information that they were asked to produce was in the possession of third parties and that plaintiffs had requested the information as far back as July 2, 2008, from those third parties but had not yet received it.

At the oral argument on February 26, 2009, plaintiffs' counsel indicated that he had remedied the issue regarding the individual plaintiffs' failure to sign the interrogatory answers by having all of the plaintiffs sign a single form affirming the answers to the interrogatories. Plaintiffs' counsel further agreed to have all additional documents provided to defendant by March 9, 2009. Defendant did not accept the joint signature proposal as a satisfactory resolution of that issue and objected to the documents that were produced because the documents were not linked to specific requests and, therefore, it was difficult to discern which documents related to which requests. Additionally, some of the plaintiffs had not

affirmatively responded to the absence of documents, where that was the case. At the hearing, the undersigned determined that, while it was unusual for all the plaintiffs to jointly sign an affirmation of the earlier answers to the interrogatories, it was satisfactory under Rule 33(b)(5) because it was more efficient to resolve the dispute in that fashion and defendant did not suffer any prejudice under the circumstances. Plaintiffs' counsel was directed to complete the production of documents by March 9, 2009, including clarifying the issue of which documents related to specific requests.

Defendant supplemented its position regarding sanctions arguing that the award of costs was, essentially, mandatory and provided a bill of costs relating to the sanctions request totaling $5,190.80. (Dkt. 34). Plaintiffs responded to defendant's argument asserting that they had complied with the December 24, 2008 order "in substance" and that they had acted in "good faith" throughout the process. (Dkt. 35). In reply, defendant claimed that there had been a history of non-compliance on the part of plaintiffs and that the present compliance was only made after repeated delays by plaintiffs. Defendant reiterated its position that the order had not been complied with in that complete responses were not provided by the due date and that, given that the imposition of sanctions is not dependant on the

bad faith of the plaintiffs, their good faith was irrelevant to the decision on sanctions.  (Dkt. 37).

    C.    <u>Analysis and Conclusions</u>

Defendant seeks sanctions under Rule 37(b)(2) for plaintiffs' failure to comply with the court's order of December 24, 2008.  The form of sanctions specifically requested includes a finding that plaintiffs were in contempt and the payment of attorney fees incurred by defendant in the course of pursuing compliance with its discovery requests to plaintiffs.  Rule 37(b)(2)(A) provides for sanctions to be imposed against a party who "fails to obey an order to provide or permit discovery," including the dismissal of the proceeding, striking the pleadings, holding the party in contempt, as well as other sanctions.  In addition to, or instead of, the sanctions listed under Rule 37(b)(2)(A), the court "must" order the "disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 37(b)(2)(C).  Defendant argues that the award of attorney fees is mandatory citing, *Technology Recycling Corp. v. City of Taylor*, 186 Fed.Appx. 624, 638 (6th Cir. 2006).  Plaintiffs contend the award of sanctions,

6

including attorney fees, is discretionary citing, *Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755 (6th Cir. 2005).

In *Technology Recycling*, an unpublished decision, the court noted that while willfulness or bad faith have nothing to do with the factual determination of whether a party failed to comply with an order to provide discovery, it is a factor to be considered in deciding whether a sanction is appropriate. *Id*. at 631-32. In reviewing the decision by the district judge to dismiss the plaintiff's case as a sanction for failing to comply with discovery, the court stated the factors to be considered are whether: (1) the failure to cooperate was due to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the failure to cooperate; (3) the party was warned that failure to cooperate could lead to dismissal; and (4) less drastic sanctions were imposed or considered. *Id.* at 632. The opinion also stated the district court, under Rule 37(b)(2), was "required" to award the fees the defendants incurred as a result of the plaintiff's failure to obey the discovery order, unless one of the exceptions provided for in the rule applied. The exceptions were whether the failure to obey the order was "substantially justified" or that the fee award would be "unjust." *Id*. at 638. Defendant's argument appears to be, based on this authority, that if there is a failure to comply with a discovery order, then the award of attorney fees against the non-complying party is mandatory.

In *Doe*, a published case, the court reviewed a situation where a party that had successfully opposed a motion to compel and thereafter sought, among other things, sanctions, including attorney fees, against the moving party. The *Doe* court set forth the four-factor test adopted by the Sixth Circuit to determine whether a district court's decision to impose sanctions under Rule 37 amounts to an abuse of discretion:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Id.* In considering the "prejudice" factor, the court concluded that the prevailing party could not have been prejudiced by the position of the unsuccessful moving party because, while the motion was properly denied, it was substantially justified.[1] Based on this finding, as well as the other factors, the court reversed the award of attorney fees that had been imposed against the unsuccessful moving party. Although the party that filed the motion to compel had lost the motion, the court

---

[1] In *Doe*, the court defined "substantially justified" as being a matter about which there is "genuine dispute," or one where "reasonable people" could differ or one that is "justified to a degree that could satisfy a reasonable person." *Doe*, 407 F.3d at 765.

8

concluded that an award of attorney fees was not warranted where the position of the moving party was "substantially justified" and where the district judge abused his discretion under the standards for exercise of discretion in those circumstances.

*Doe*, and the four factors contained therein for awarding sanctions under Rule 37, were recently cited as part of the authority for upholding an award of sanctions in *Pucci v. 19th District Court*, 2009 WL 596196 (E.D. Mich. 2009). The *Pucci* opinion also relied on *Clarksville-Montgomery County School System v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991) for the proposition that "[t]he district court has discretion to impose whichever sanction it feels appropriate under the circumstances."

There is some appeal to defendant's contention that the award of attorney fees is mandatory where there is a violation of an order compelling a party to produce discovery, based on the language of Rule 37(b)(2)(C), which provides that the court "must" order an award of fees, unless the court finds that the failure to comply with the order was substantially justified or other circumstances make an award of expenses unjust. However, it is clear, from an analysis of the above cases, that courts have extremely broad discretion in this area and that an award of attorney fees is merely one of the options available as a sanction for the failure to comply with an order. *Doe* indicates that this broad discretion can be exercised in

9

a very general way and that an award of attorney fees is not "mandatory," contrary to the literal wording of the rule. To the extent that *Technology Recycling* is inconsistent with *Doe* in this regard, *Doe* is the controlling authority because it is a published decision. Even if these cases did not provide for this apparent broad discretion, such discretion is allowed by the language of Rule 37(b)(2)(C), that attorney fees do not have to be awarded in "circumstances [that] make an award of expenses unjust."

It is clear in the present case that plaintiffs failed to comply with an order of the court, an order that plaintiffs had a part in creating based on their stipulation. However, with respect to the question of whether plaintiffs' conduct was due to willfulness, bad faith or fault, the answer is less clear. In the view of the undersigned, it has not been demonstrated that plaintiffs' conduct was willful or in bad faith, however, it also seems apparent that there was some fault associated with plaintiffs' conduct. Plaintiffs' attempt to excuse some of its failure to produce documents at an earlier stage by saying that the documents were to be produced by third parties and the third parties had not produced them. Plaintiffs also contended that they were away from home a good deal and it was not convenient for them to sign documents or locate and produce other documents reasonably sought in discovery by defendant. These may be reasons, but they are not reasonable

excuses for the delay.  If third parties do not produce documents in a timely fashion, steps may be taken against them to compel the production and nothing of that kind appears to have been undertaken by plaintiffs.  Additionally, the fact that it was not convenient for plaintiffs to sign documents or produce documents in a reasonable time does not justify ignoring deadlines.  Plaintiffs assume certain responsibilities when they initiate the law suits and they cannot ignore those responsibilities when it is inconvenient for them to do so.  Plaintiffs' counsel's explanation for some of his laxity in this matter - prior "practice and custom in this jurisdiction" - is also unavailing.  Exceptions to the rules are commonly tolerated by stipulation of the parties but generally not otherwise and there was no agreement to plaintiffs' lapses in the present case.

However, it is not entirely clear precisely how defendant was prejudiced from plaintiffs' failure to produce these documents in a timely fashion.  Many of the documents were claimed to have been in defendant's possession before being provided in discovery and defendant never refuted that claim.  Defendant has not demonstrated any prejudice beyond the effort undertaken to seek court assistance in obtaining the documents.  Applying the third *Doe* factor, it is not clear that plaintiff was specifically warned that this type of sanction would be imposed.

Also, as to the fourth factor, no earlier, less drastic sanction had been imposed on plaintiff based on prior instances of untimely production of discovery.

Applying the above factors to defendant's motion, the undersigned concludes that some degree of sanction is warranted, but not to the extent requested by defendant. Plaintiffs failed to comply with the court's prior order, but there were no demonstrated adverse consequences to defendant's case and plaintiffs have not previously been sanctioned for their conduct. Based on the foregoing, defendant's motion for sanctions is **GRANTED** in part, and plaintiffs, or their attorney, must pay defendant $750.00 in costs pursuant to Rule 37(b)(2).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: June 19, 2009                           s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on <u>June 19, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Laura A. Brodeur-McGeorge, Jonathan B. Frank, Linn A. Hynds, and Tara E. Mahoney</u>.

                                          s/James P. Peltier
                                          Courtroom Deputy Clerk
                                          U.S. District Court
                                          600 Church Street
                                          Flint, MI 48502
                                          (810) 341-7850
                                          pete_peltier@mied.uscourts.gov