UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Grizzly Auto Transports, *et al.*,

    Plaintiffs,

v.                                                Case No. 08-11832

Tran Tech, Inc.,                          Honorable Sean F. Cox

    Defendant.
_____/

## OPINION GRANTING TRAN TECH'S MOTION FOR DEFAULT JUDGMENT AGAINST JAGODZINSKI

This matter involves disputes between Defendant/Counter-Plaintiff Tran Tech, Inc. ("Tran Tech"), a regulated motor carrier that provides transportation services to the shipping public, and Plaintiffs/Counter-Defendants, 21 small business truckers who previously leased their tractor and driving services to Tran Tech. The matter is currently before the Court on Tran Tech's motion seeking entry of a default judgment against Plaintiff/Counter-Defendant Tim Jagodzinski ("Jagodzinski") on Tran Tech's counter-claims against him. The Court, having considered Tran Tech's motion and its attachments, and having held a hearing on February 11, 2010, shall grant the motion and shall issue the requested default judgment against Jagodzinski.

BACKGROUND

Plaintiffs filed this action on April 29, 2008. Plaintiff's First Amended Complaint asserted the following claims against Tran Tech. "Failure to Provide Rate Information (In Violation of 49 C.F.R. § 376.12(g))" (Count I); "Unlawful Reductions of Compensation (In Breach of the Lease Agreement and In Violation of 49 C.F.R. § 376.12(d) and (g)" (Count II);

1

and "Unauthorized Deduction of Escrow Funds (In Violation of 49 C.F.R. § 376.12(k))" (Count III).

Tran Tech then asserted the following counterclaims against Plaintiffs/Counter-Defendants: "Count I: Breach of Contract Against All Counter-Defendants;" and "Count II: Unjust Enrichment Against All Counter-Defendants." In those counts, Tran Tech sought to recover monies owed to it by the various Plaintiffs under their Lease Agreements.

After Jagodzinski failed to appear for several scheduled depositions, Tran Tech filed a motion seeking sanctions. That motion was referred to Magistrate Judge Michael Hluchaniuk.

Following briefing and oral argument, Magistrate Judge Hluchaniuk issued an order providing that "Jagodzinski shall appear for his discovery deposition on or before September 18, 2009" and that if he fails to appear for his deposition on or before September 18, 2009, "this Court shall dismiss Jagodzinski's claims and enter a default in favor of Defendant, with respect to Defendant's counter-claims against Jagodzinski, allowing Defendant to prove its claims without testimony or evidence from Jagodzinski." (Docket Entry No. 68).

On September 24, 2009, Tran Tech filed a "Motion to Dismiss Plaintiff Jagodzinski's Claims and for Entry of Default Against Plaintiff Jagodzinski for Failure to Comply with the Court's Order." In that motion, Tran Tech explained that despite Magistrate Judge Hluchaniuk's Order and Tran Tech's repeated attempts to schedule Jagodzinski's deposition, Jagodzinski failed to appear for his deposition on or before September 18, 2009.

In an Order dated October 10, 2009, this Court granted Tran Tech's September 24, 2009 "Motion to Dismiss Plaintiff Jagodzinski's Claims and for Entry of Default Against Plaintiff Jagodzinski for Failure to Comply with the Court's Order," thereby: 1) dismissing Jagodzinski's

claims against Tran Tech with prejudice; and 2) entering default against Jagodzinski with respect to Tran Tech's counter-claims against him. (Docket Entry No. 77; *see also* Docket Entry No. 76).

After the entry of default, on October 30, 2009, Tran Tech filed its motion seeking entry of a default judgment against Jagodzinski. (Docket Entry No. 78). Tran Tech's motion seeks entry of a default judgment in the amount of $20,022.92 for monies owed by Jagodzinski to Tran Tech. Tran Tech states that this amount consists of two fines that Jagodzinski received during the course of his relationship with Tran Tech and interest on those fines. Tran Tech states that it paid those fines on behalf of Jagodzinski and is entitled to reimbursement.

Tran Tech's motion set forth the relevant background and documents that form the basis for its counter-claims against Jagodzinski. Tran Tech and Jagodzinski entered into a written Independent Contractor Lease Agreement ("Lease Agreement") in or around June 2005. That Lease Agreement is attached as Exhibit 1 to Tran Tech's motion. The Lease Agreement provides that if Tran Tech pays certain delineated costs on behalf of Jagodzinski during the course of their relationship, that the such costs will be deducted from Jagodzinski's Trust Account (Lease Agreement at ¶ 8), and that the Jagodzinski would be liable to Tran Tech for any remaining amounts (Lease Agreement at ¶ 32). Those delineated costs include: "(g) All fines and penalties resulting from acts or omissions of [Jagodzinski] and any monies paid by [Tran Tech] in the form of penalties to a government or regulatory body because of some act or omission on the part of [Jagodzinski]." (Lease Agreement at ¶ 8(g)).

In support of its request, Tran Tech has submitted an affidavit from Angela Bodine, Tran Tech's Controller. Her Affidavit states:

3

17. In January 2006, Jagodzinski received two fines when he did not obtain the required stamped approval of the Canadian Border Services Agency while crossing into Canada during a transport. Tran Tech paid the two fines on behalf of Jagodzinski: one for $11,578.92 and the other for $8,152.75. Tran Tech also paid an additional $650.00 for interest on the fines. After receiving a refund for $358.75 for the Currency Exchange Rate difference, Tran Tech paid a total of $20,022.92 for Jagodzinski. Jagodzinski never reimbursed Tran Tech for payment of his fines. The amounts due are reflected on the Master Summary Sheet.

(Bodine Affidavit at ¶ 17).

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party for failure to plead or otherwise defend the claim. Here, this Court entered a default against Jagodzinski. Thus, Jagodzinski's *liability* is established.

In order to obtain a default judgment, the proponent must seek entry of a default judgment from the clerk or by the Court. FED. R. CIV. P. 55(b). Here, Tran Tech's damages are unliquidated and thus Tran Tech applied to this Court for entry of a default judgment against Jagodzinski. Where damages are unliquidated, a default admits only defendant's liability and the amount of damages must be proved. *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110 (6th Cir. 1995). Thus, this Court must make an appropriate inquiry into in order to ascertain the amount of damages. *Vesligaj v. Peterson*, 331 Fed.Appx. 351, 355 (6th Cir. 2009).

Although this Court was not required to conduct a hearing, and could have based its ruling upon the materials submitted by Tran Tech, this Court held a hearing on February 11, 2010, so that Jagodzinksi's Counsel could cross-examine Tran Tech's witness.

At the February 11, 2010 hearing, Bodine gave testimony consistent with her affidavit, providing evidence of damages in the amount of $20,022.92. (*See also* Exs. 3, 4, 5 & 6).

While Counsel for Jagodzinksi cross-examined Bodine and made arguments to the Court, those arguments went to liability – not the amount of damages.

The Court concludes that Tran Tech has submitted sufficient evidence to establish that it paid fines and interest on behalf of Jagodzinski in the total amount of $20,022.92.

## CONCLUSION

Accordingly, the Court shall GRANT Tran Tech's Motion for Default Judgment and shall enter an appropriate Default Judgment against Jagodzinski.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager